# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

RUTH SELENE ALCARAZ VALDEZ ET AL            CASE NO. 6:18-CV-01306

VERSUS                                       JUDGE JUNEAU

MEARS GROUP INC ET AL                        MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. (Rec. Doc. 37). Defendants opposed (Rec. Doc. 47). Also before the Court is Plaintiff's Objection to Defendants' Stipulation of Liability (Rec. Doc. 39), to which Defendants responded (Rec. Doc. 46). The parties have also filed additional responses on both issues. (Rec. Doc. 51; 55; 57). For the following reasons, Plaintiff's Motion to Amend is GRANTED, and Plaintiff's Objection to Defendants' Stipulation of Liability is OVERRULED.

## Factual Background

Plaintiff, Ruth Valdez, filed this lawsuit after she was allegedly injured in an auto accident with Jason Price, an employee of Mears Group, Inc., and insured by Old Republic Insurance (all Defendants herein). On October 17, 2019, Defendants filed a Stipulation of Liability, in which they stipulated that Price was in the course and scope of his employment with Mears and that his negligence was the sole cause of the accident. (Rec. Doc. 35). Plaintiff objected to the stipulation, arguing that she

should be permitted to try the case as she desires, including putting on evidence of Defendants' conduct. (Rec. Doc. 39).

In the meantime, Plaintiff moved for leave to file a Second Amended Complaint in order to set forth the alleged negligent acts of Mears. (Rec. Doc. 37; 37-2). Plaintiff contends that her counsel mistakenly omitted these allegations from the original Complaint. (Rec. Doc. 41, p. 1-2). Defendants opposed the motion for leave on the grounds that the proposed amendment would be futile and unduly prejudicial in light of Defendants' stipulation of liability. (Rec. Doc. 47). Defendants further contended that allowing Plaintiff to put on evidence of Defendants' liability, despite their judicial admission of liability, could result in the imposition of punitive damages on corporate defendants. (Rec. Doc. 55).

## **Applicable Law**

Pursuant to F.R.C.P. Rule 15(a)(2), a party is permitted to amend her complaint with consent of the adverse party or with leave of court. The Fifth Circuit set forth the relevant law as follows:

> Rule 15(a) requires a trial court "to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn–Lea Travel Corp. v. Am. Airlines,* 283 F.3d 282, 286 (5th Cir.2002) (citation omitted). A district court must possess a "substantial reason" to deny a request for leave to amend, *id.,* but "leave to amend is by no means automatic." *Halbert v. City of Sherman,* 33 F.3d 526, 529 (5th Cir.1994) (citation omitted). Decisions concerning motions to amend are "entrusted to the sound discretion of the district court [.]" *Quintanilla v. Tex. Television, Inc.,* 139 F.3d 494, 499 (5th Cir.1998) (citation omitted). In deciding whether to grant leave to amend, the

> district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir.1981).

*Jones v. Robinson Prop. Grp., L.P.,* 427 F.3d 987, 994 (5th Cir. 2005).

Considering the foregoing factors, the Court finds that Plaintiff should be granted leave of Court to amend the Complaint in order to set forth allegations regarding Mears's negligence. The Court appreciates no undue delay, bad faith, or dilatory motive by Plaintiff or her counsel, nor any undue prejudice to Defendants. Thus, the Court finds that leave to amend is warranted under Rule 15(a).

The Court overrules Plaintiff's objection to Defendants' Stipulation of Liability. Plaintiff is concerned that Defendants' liability stipulation will deprive her of the ability to introduce certain evidence at trial. She argues that she should be permitted to try the case as she desires, including introducing evidence such as the video of the crash and other evidence pertaining to causation and damages. Plaintiff cites no case, and the Court is not aware of any, which authorizes the Court to prohibit a defendant from admitting to liability or any other fact. See *Wachob Leasing Co. v. Gulfport Aviation Partners, LLC*, No. 1:15-CV-237-HSO-RHW, 2017 WL 5653890, at *1 (S.D. Miss. Mar. 10, 2017). The Court finds that Plaintiff's objections are more appropriately addressed at the motion in limine stage or pursuant

to a F.R.E. Rule 403 challenge, when the Court can consider any challenged evidence in context.

Plaintiff's chief argument in opposition to Defendants' stipulation is that a stipulation must constitute an agreement between the parties, and that she (Plaintiff) does not agree to accept it as such. (Rec. Doc. 39-1; 51). In response, Defendants classify the stipulation as a judicial admission of liability and contend that Plaintiff has no right to dictate whether Defendants choose to admit certain facts. (Rec. Doc. 55, p. 2).

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's Louisiana, Inc.,* 244 F.3d 474, 476 (5th Cir. 2001). "Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Id*. To qualify as a judicial admission, a statement must be (1) made in a judicial proceeding; (2) contrary to a fact essential to the theory of recovery; (3) deliberate, clear, and unequivocal; (4) such that giving it conclusive effect meets with public policy; and (5) about a fact on which a judgment for the opposing party can be based." *Heritage Bank v. Redcom Labs., Inc.,* 250 F.3d 319, 329 (5th Cir. 2001). The Court agrees that Defendants' "stipulation" qualifies as a judicial admission over which Plaintiff has no input. Defendants stated in a formal pleading that Price was in the course and scope of his employment with Mears and that he caused the

accident. (Rec. Doc. 35). These facts are essential to Plaintiff's theory of recovery. Defendants' statement is deliberate, clear, and unequivocal, meeting with public policy, and may serve as facts upon which Plaintiff may prevail. Thus, Plaintiff's disagreement does not preclude Defendants from admitting such facts.

Regardless of the Court's overruling of Plaintiff's objection to Defendants' "stipulation," the Court finds that Defendants' liability admission does not preclude Plaintiff's Second Amended Complaint. Allegations in pleadings, such as the Amended Complaint, are not admissible evidence under these circumstances. Plaintiff's new allegations regarding Mears's negligence have no effect on Defendants' admission, and vice versa. Otherwise, the Court finds no improper purpose for the amendment. However, this ruling does not foreclose any argument Defendants may put forth seeking relief or protection from unnecessary discovery in light of the judicial admission.

## **Conclusion**

For the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended Complaint (Rec. Doc. 37) is GRANTED. Plaintiff's Objection to Defendants' Stipulation of Liability (Rec. Doc. 39) is OVERRULED.

THUS DONE in Chambers, Lafayette, Louisiana on this 12th day of December, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE