# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**RUTH SELENE ALCARAZ VALDEZ** **CASE NO. 6:18-CV-01306**
**ET AL**

**VERSUS**                                    **JUDGE JUNEAU**

**MEARS GROUP INC ET AL**              **MAGISTRATE JUDGE HANNA**

## MEMORANDUM RULING

Before the Court is Plaintiff's Motion to Compel Discovery by Dr. Henry Eiserloh (Rec. Doc. 31) and Defendants' Motion to Quash Subpoena to Dr. Eiserloh (Rec. Doc. 26). Defendants opposed Plaintiff's Motion to Compel. (Rec. Doc. 36). Plaintiff replied (Rec. Doc. 44). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, Plaintiff's Motion to Compel is granted in part and denied in part, and Defendants' Motion to Quash is granted in part and denied in part.

## Factual Background

Plaintiff, Ruth Valdez, filed this lawsuit after she was allegedly injured in an auto accident with Jason Price, an employee of Mears Group, Inc., and insured by Old Republic Insurance (all Defendants herein). Defendants retained Dr. Henry Eiserloh to conduct an Independent Medical Exam. Prior to the IME, Plaintiff issued

a subpoena duces tecum to Dr. Eiserloh, seeking production of the following

contested documents:[1]

1. All written agreements or contracts between you and the defense attorney who retained you both in connection with the captioned lawsuit as well as any other matter in which you have been retained by said attorney in a professional capacity.

   \*\*\*

5. A certified copy of your entire file concerning the plaintiff including, for example:

   a. Communications in any form to include, for example, facsimile, Federal Express, United States Parcel Service, U.S. Mail, electronic mail sent and received by your or anyone acting for you;

      \*\*\*

   c. Letters and correspondence by you and to you from anyone about plaintiff before and after you examined her;

      \*\*\*

   f. Models, illustrations, photographs, exhibits, time lines, medical summaries, or documents of any kind that you intend or contemplate using to explain, illustrate or support your testimony, whether in deposition or at trial of this matter;

   g. And other thing that you have in your file, possession, or under your control in any way relating to plaintiff.

6. A list of each document, record, or thing that the defense attorney gave you before you met with, interviewed, examined, and tested plaintiff.

---

[1] Plaintiff's subpoena duces tecum sought other documents to which Defendants did not object. Cross-reference Rec. Doc. 26-2 and 36, p. 6-8.

7. If different from No. 6, a list of each document, record, or thing that the defense attorney gave you after you met with, interviewed, examined, and tested plaintiff.

8. A list of all documents and materials that you requested from the defense attorney before and after you interviewed, examined, and tested plaintiff.

\*\*\*

11. A list of each plaintiff— including the court, the caption and docket number, and the parties' names —in which defense attorney, including Douglas Williams, Christopher Mason, and any member or representative of the law firm sent you to examine as an IME doctor [since June 2018].[2]

12. A list of each plaintiff— including the court, the caption and docket number, and the parties' names — in which a plaintiff attorney or law firm you to examine for a second opinion and/or as an IME doctor [since June 2018].

13. All independent medical-examination ("IME") reports, redacted to protect the examinee's or person's name, whom you interviewed and/or examined and/or tested during 2018 and 2019 to date at the request of any defense attorney, defense law firm, insurance company, corporation, or any defendant for a case in litigation.

14. A list of each case in which you have testified, whether or both in deposition and at trial, during 2018 through 2019 to date including, for example,

    c. A statement showing the total amount you charged for your deposition, trial testimony, or both.

---

[2] Plaintiff amended requests 11, 12, and 17 to limit the timeframe of records sought to beginning with June 2018, rather than for the years 2017, 2018, and 2019, as initially requested. (Rec. Doc. 31-2, p. 10). Thereafter, Plaintiff filed a Motion to Amend her Motion to Compel, seeking to limit her requests to Dr. Eiserloh to produce documents only in the twelve-month period before December 12, 2019. (Rec. Doc. 58). Defendants opposed Plaintiff's Motion to Amend her Motion to Compel. The Court has, by separate order granted the Motion to Amend, but, as discussed below, the time frame of records sought in Requests No. 11, 12, 13, and 17 is irrelevant.

\*\*\*

16. Copies of all tapes, DVDs, and CDs that you reviewed or viewed, whether before or after you examined plaintiff that in anyway relate to him.

17. Copies of all independent medical-examination ("IME") reports, redacted to protect the examinee's or person's name, whom you interviewed and/or examined and/or tested [since June 2018] to the date you respond to this discovery as part of your legal and/or workers' compensation cases.

18. All professional standards, rules, and guidelines issued by any professional organization to which you are a member that address the duties and responsibilities of a person who is hired to perform an IME in litigation and workers' compensation cases.

Plaintiff served Dr. Eiserloh with the subpoena duces tecum on July 18, 2019. (Rec. Doc. 31-4). In response, Defendants filed a Motion for Protective Order and Motion to Quash. (Rec. Doc. 26). The Court granted the Motion for Protective Order. (Rec. Doc. 27). By agreement, the parties continued the hearing on the Motion to Quash until after Dr. Eiserloh rendered his report. (See Rec. Doc. 29 and 30). Plaintiff later filed the Motion to Compel, seeking an order compelling Dr. Eiserloh to respond to the previously issued subpoena duces tecum. (Rec. Doc. 31). The Court now considers the parties' countervailing motions.

## **Applicable Law**

F.R.C.P. Rule 26(b)(1) governs the scope of discovery.

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under F.R.C.P. Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Rule 26(b)(2)(C)(iii).

Under F.R.C.P. Rule 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." A subpoena must be quashed or modified where, *inter alia*, the subpoena "(i) fails to allow a reasonable time to comply...(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Rule 45(d)(3)(A). A court may, in lieu of the above, "order appearance or production under specified conditions if the serving party (i) shows a substantial need for the

testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." Rule 45(d)(3)(C).

## I.    <u>Whether Defendants have standing to contest Plaintiff's Subpoena.</u>

Plaintiff first objects to Defendants' standing to contest the subpoena issued to Dr. Eiserloh. A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter. *Dugas v. Mercedes-Benz USA, LLC*, No. 6:12-CV-02885, 2014 WL 3848110, at *6 (W.D. La. Aug. 5, 2014), citing *inter alia*, *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). See also 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed. 1995). (See now 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed. 2019)). Although the person from whom the documents or things are requested should generally file a motion to quash or a motion for protective order, "a party, although not in possession or control of the requested materials and not the person to whom a subpoena is directed, does have such standing if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it." *Marquette Transportation Co. Gulf-Island, LLC v. M/V Chembulk Westport*, No. CV 13-2071, 2016 WL 659083, at *3 (E.D. La. Feb. 18, 2016). Thus, if the discovery requests seek information that may have been sent by or for the party, the party has a right to challenge the discovery. *Id.*, citing *Hoover v.*

*Florida Hydro, Inc.*, 2008 WL 4467661, at *3. Further, F.R.C.P. Rule 45(d)(1) and (3)(A) obligates the Court to protect non-party witnesses from undue burden created by subpoenas.

Plaintiff's requests to Dr. Eiserloh contemplate production of documents which may have been sent by or to Defendants' counsel. Indeed, the subpoena mentions defense counsel generally and by name in numerous requests (See Rec. Doc. 26-2). Otherwise, to the extent Plaintiff seeks information not pertaining to Defense counsel's communications with Dr. Eiserloh, F.R.C.P. Rule 26(b) gives the parties standing to object to discovery which is privileged, irrelevant, burdensome or otherwise beyond the bounds of the rule. Defendants, like any party, have standing to move for a protective order seeking to limit and/or modify the scope of discovery under F.R.C.P. Rule 26(b). *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.,* 314 F.R.D. 214, 218 (M.D. La. 2016). Thus, the Court finds that Defendants may properly object to the scope of Plaintiff's subpoena to Dr. Eiserloh; however, the Court cautions that this ruling should not be construed to grant Defendants unfettered standing to object on Dr. Eiserloh's behalf to documents which he maintains exclusively.

## II.    Defendants' objections to Plaintiff's Subpoena.

Defendants first object to Plaintiff's request as seeking information beyond the bounds of Rule 26(b)(4)(C), which states:

Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

(i)     relate to compensation for the expert's study or testimony;

(ii)    identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii)   identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

The Court is constrained by the foregoing rule; however, Defendants have not provided the Court with the documents which they contend fall within the protected sphere or otherwise provided a privilege log.

When a party refuses to produce documents otherwise discoverable by claiming that information contained in the documents is privileged, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). In other words, the party must produce a privilege log, which, at minimum, should include for each withheld document or entry: the date of the document or entry, the name of its author and recipient, the names of all people given or forwarded copies of the document or entry, the subject(s) of the document or entry, and the specific privilege asserted.

*Pena v. Casteel*, No. CV 15-0420, 2016 WL 800189, at *2 (W.D. La. Feb. 26, 2016).

The Court finds that Plaintiff is entitled to production of any documents which fall within the parameters of F.R.C.P. Rule 26(a)(2)(B) (regarding required disclosures of expert information) and 26(b)(4)(C) (regarding a party's attorney's

communications with experts). Thus, the Court grants Plaintiff's Motion to Compel insofar as it seeks such information. However, to the extent Defendants claim a privilege in any part of the requested documents, they must provide a specific privilege log as required by Rule 26(b)(5)(A).

Defendants next contend that Plaintiff did not provide Dr. Eiserloh with adequate time to respond to the subpoena and that the Motion to Compel is premature, suggesting that the subpoena was not served until October 3, 2019. Defendants rely upon a Proof of Service erroneously filed into the record. (Rec. Doc. 34). This Proof of Service is not attached to any other pleading and does not indicate which documents were served; although, the form suggests the subpoena was relative to a "Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action." Contrarily, the record reflects that Plaintiff served Dr. Eiserloh on July 18, 2019 with the subpoena at issue. (Rec. Doc. 31-4, Proof of Service form entitled "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action"). The Court finds that Dr. Eiserloh has had ample time to compile any records to be produced. As such, Defendants' position vis-à-vis timing is unavailing.

Defendants object to Plaintiff's requests seeking documents pertaining to Dr. Eiserloh's past IMEs which are unrelated to Plaintiff and this case. Plaintiff contends that this information is relevant to show Dr. Eiserloh's bias. Defendants counter that

Plaintiff has not presented any evidence of bias, and that to allow Plaintiff to delve into such information would bring about an unwarranted fishing expedition.

Defendants' contention finds support in the law. See e.g. *Ramos v. Capitan Corp.,* No. MO16CV00075RAJDC, 2017 WL 1278737, at \*4 (W.D. Tex. Feb. 2, 2017) (sustaining objection to discovery aimed at uncovering plaintiff's litigation history without proof of bias or inconsistent statements); *Bain Cotton Co. v. Chesnutt Cotton Co.,* No. 5:11-CV-189-C, 2012 WL 12882093, at \*3 (N.D. Tex. Oct. 17, 2012), *aff'd,* 531 F. App'x 500 (5th Cir. 2013) (allegations of bias too tenuous to support discovery "fishing expedition"); *Grigsby v. Hartford Life & Acc. Ins. Co.,* No. 10-CV-0467, 2010 WL 5175045, at \*3 (W.D. La. Dec. 3, 2010) (M.J. Hornsby) (conclusory allegations of bias inadequate to allow bias-based discovery). This Court's review of reported cases suggests that Dr. Eiserloh has *treated* as many, if not more, personal injury plaintiffs. See e.g. *Karen Gilbert v. Liberty Mutual Fire Insurance Company & Swain D. Munson*, 2016-0668 (La. App. 1 Cir. 12/22/16); *Lopinto v. Crescent Marine Towing,* No. CIV.A. 02-2983, 2004 WL 1597029, at \*1 (E.D. La. July 16, 2004); *Bratkowski v. Aspen Ins. UK, Ltd.,* No. CV 15-294, 2016 WL 2901655, at \*3 (E.D. La. May 18, 2016); *Bayham v. United Sates Comm'r of Soc. Sec. Admin.,* No. CV 16-688-EWD, 2018 WL 523208, at \*10 (M.D. La. Jan. 23, 2018); *Johnson v. Neill Corp.,* 2015-0430 (La. App. 1 Cir. 12/23/15), *writ denied,* 2016-0137 (La. 3/14/16), 189 So. 3d 1068, and *writ denied,* 2016-0147 (La.

3/14/16), 189 So. 3d 1070; *Hollis v. Astrue*, No. CIV.A. 11-2551, 2013 WL 1176253, at *6 (E.D. La. Mar. 4, 2013), *report and recommendation adopted,* No. CIV.A. 11-2551, 2013 WL 1176250 (E.D. La. Mar. 19, 2013); *Gunn v. Astrue*, No. CIV.A. 11-01172, 2012 WL 1020189, at *5 (E.D. La. Feb. 24, 2012), *report and recommendation adopted,* No. CIV.A. 11-1172, 2012 WL 1019121 (E.D. La. Mar. 26, 2012). Compare *Bruce v. Baywater Drilling, L.L.C.,* No. CV 16-168-JWD-RLB, 2016 WL 3149719, at *2 (M.D. La. June 3, 2016); and *Rehm v. Morgan*, 04-344 (La. App. 5 Cir. 10/26/04), 885 So. 2d 687, 691, wherein Dr. Eiserloh performed IMEs for defendants. Plaintiff has not presented any evidence suggesting Dr. Eiserloh's potential bias, rather, Plaintiff readily admits the request is to determine if there is *potential* bias on the part of Dr. Eiserloh.

Plaintiff relies upon this Court's ruling in *Blaze v. McMoran Oil & Gas, LLC*, wherein this Court ordered Dr. Barnard to produce redacted copies of his IME reports in unrelated cases. No. 6:16-CV-01552, 2018 WL 2074751, at *1 (W.D. La. May 2, 2018). The difference between *Blaze* and the instant case is that in *Blaze*, the plaintiffs put forth a showing of potential bias by Dr. Bernard. Here, Plaintiff has not presented any such evidence, and the Court is not aware of any, suggesting that Dr. Eiserloh may be biased.

Under Rule 45, the Court is obligated to protect subpoenaed non-party witnesses, like Dr. Eiserloh, from undue burden. F.R.C.P. Rule 45(d)(1) and (3)(A).

The Court finds that to require Dr. Eiserloh to produce each case in which he was retained by Defense counsel in this case (Req. No. 11), each case in which he was retained by any other attorney (Req. No. 12), and his prior IME reports (Req. No. 13 and 17) would constitute an undue burden on Dr. Eiserloh absent some showing of his potential bias. Thus, the Court grants Defendants' Motion to Quash insofar as it seeks to quash Requests No. 11, 12, 13, and 17. The Court will reconsider this ruling upon Plaintiff's appropriate motion and evidence supporting potential bias.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel (Rec. Doc. 31) is GRANTED insofar as it seeks information discoverable under F.R.C.P. Rule 26(a)(2)(B) and 26(b)(4)(C). Defendants shall provide a privilege log in accordance with F.R.C.P. Rule 26(b)(5)(A) as to any material deemed privileged or beyond the scope of discovery. Defendants' Motion to Quash (Rec. Doc. 26) is GRANTED with respect to Requests No. 11, 12, 13, and 17, without prejudice to Plaintiff's right to seek to compel the said requested documents upon appropriate motion and evidence of Dr. Eiserloh's potential bias.

THUS DONE in Chambers, Lafayette, Louisiana on this 12th day of December, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE